DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, David Allen, appeals from his arson convictions in the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} This appeal stems from certain events that took place between the night of September 8, 2002 and the early morning hours of September 10, 2002. During this time period, Allen and his friend, Willard Kurtz, drove Allen's pick-up truck to various locations in search of any scrap that they could sell to a junk yard for profit. These locations included the Al-Rite Automotive store at Grosjean Road, a hog barn at Friendsville Road, and another barn near the intersection of Smithville Western Road and Honeymoon Road. Fires were set at each of these locations during the same time period that Allen and Kurtz frequented them.
 {¶ 3} In 2003, Orrville Police Officer Warren Caskey interviewed Allen about an unrelated fire investigation. During the interview, Allen volunteered certain information about *Page 2 
the Smithville Western fire. Allen also spoke with Wooster Township Fire Department Captain Brian Peterman during this time period. Allen gave Captain Peterman specific details about the Smithville Western fire and claimed that his friend Kurtz had lit the fire at the Smithville Western barn. Subsequently, Captain Peterman interviewed Kurtz, who was already serving a sentence on unrelated charges. Kurtz told Captain Peterman that Allen was responsible for setting all of the fires at the aforementioned locations.
 {¶ 4} On February 12, 2007, the grand jury indicted Allen on each of the following counts: (1) arson, pursuant to R.C. 2909.03(A)(1), for a Chevrolet truck fire occurring on or about September 8, 2002; (2) one count of arson, pursuant to R.C. 2909.03(A)(1), for a fire at the Weinman family hog barn on Friendsville Road occurring on or about September 9, 2002; (3) arson, pursuant to R.C. 2909.03(A)(1), for a fire at the Olive family historic barn on Canaan Center Road occurring on or about September 10, 2002; and (4) arson, pursuant to R.C. 2909.03(A)(1), for a fire at the Ramseyer family pole barn on Smithville Western Road occurring on or about September 10, 2002. All four counts were indicted as felonies of the fourth degree. The matter proceeded to a bench trial on July 27, 2007. The trial court found Allen guilty on three counts of arson, but not guilty on the remaining count pertaining to the historic barn fire on Canaan Center Road. The court sentenced Allen to a total of fifty-four months in prison, restitution, and up to three years of post-release control.
 {¶ 5} On September 24, 2007, Allen filed his notice of appeal. Allen's appeal is now before this Court and raises one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 {¶ 6} In his sole assignment of error, Allen argues that the court's verdict was against the weight of the evidence. Specifically, Allen argues that there was no evidence that he knowingly set any fires and that the State's evidence was "self-serving" and unreliable. We disagree.
 {¶ 7} When considering a manifest weight argument, the Court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 8} R.C. 2909.03(A)(1) provides that "[n]o person, by means of fire or explosion, shall knowingly *** [c]ause, or create a substantial risk of, physical harm to any property of another without the other person's consent[.]" If the value of the property destroyed equals or exceeds $500, then the arson is a felony of the fourth degree. R.C.2909.03(B)(2)(b). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). *Page 4 
 {¶ 9} Officer Caskey initially interviewed Allen in 2003 about a fire at a business named Stoller Floor. Officer Caskey testified that Allen provided him with false information about the individual who started the fire in that investigation, but that Allen volunteered information about another fire at Smithville Western Road. Officer Caskey indicated that perpetrators often voluntarily provide information about their crimes for various reasons, including the desire to be involved in the investigation of their own crime without actually being identified as the culprit.
 {¶ 10} Captain Peterman testified that he also interviewed Allen in 2003 and that Allen provided him with specific, unreleased information about the fires. Captain Peterman opined that in his experience, a person's ability to divulge such specific, unreleased information about a crime is indicative of that person having had some personal involvement in the crime. According to Captain Peterman, Allen tried to blame Kurtz for starting the fire at the Smithville Western barn. Allen also referred to the Friendsville Road hog barn fire during the interview and commented about knowing "where [to] get some hog for *** a hog roast[.]"
 {¶ 11} Apart from interviewing Allen, Captain Peterman investigated each of the fires that took place in September of 2002. He testified that his conclusion as to each fire was that the fire was intentional. Captain Peterman opined that a grouping of multiple fires such as the ones that occurred in September 2002 is generally the work of a single, serial arsonist.
 {¶ 12} Kurtz testified that he and Allen frequented all of the fire locations while searching for scrap in Allen's truck. At each of these locations, Allen exited the vehicle while Kurtz drove a bit further in search of another place to stop and search for scrap. Kurtz testified that he saw smoke after he and Allen left the Al-Rite Automotive store and that Allen "giggled" when Kurtz commented on it. Kurtz stated that he and Allen returned to the hog barn at *Page 5 
Friendsville Road after firefighters and onlookers had gathered there. According to Kurtz, Allen asked him to help disguise his truck after these incidents. Kurtz and Allen removed the truck's green tailgate, and Kurtz cut the truck's tires. Kurtz testified that Allen wanted new tires "[b]ecause he didn't want *** the truck to be able to be found through the tire tracks." Kurtz admitted that he had received a conviction for his role in the fires and that he had prior, unrelated convictions. Kurtz was already serving time in prison on an unrelated charge when the police and Chief Peterman interviewed him. At the time of trial, however, Kurtz had already served his time for his involvement in the fires on September 8, 2002, the night of September 9, 2002, and the early morning hours of September 10, 2002.
 {¶ 13} Lastly, all of the respective property owners testified at Allen's trial. Wayne Groover testified that he owned the 1965 Chevrolet pick-up truck that had been destroyed by fire while parked in the Al-Rite Automotive lot. Groover estimated the value of the truck at $3,500. David Weinman testified that he owned the hog barn at Friendsville Road. Weinman stated that five to six hundred of his hogs perished in the fire that destroyed his barn and that the barn itself had been insured for $20,000. Arden Ramseyer testified that he owned the barn at the corner of Smithville Western Road and that he stored planting equipment in the barn. Ramseyer estimated his property loss to be between $30,000 and $50,000.
 {¶ 14} Having reviewed all of the evidence, we cannot say that the trial court lost its way in convicting Allen on three counts of arson. Contrary to Allen's assertion, Kurtz' testimony was not the only evidence in this case. Furthermore, the trial court specifically noted that it found Kurtz to be a credible witness based on his testimony. Nothing in the record warrants a reversal of that determination. Allen's sole assignment of error is overruled. *Page 6 
 III. {¶ 15} Allen's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, J., MOORE, J., CONCUR. *Page 1